FILED
Jul 07 2025
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY s/ AI DEPUTY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

'25CV1665 DMS MSB

**Jacob Matthew, a Private Minnesotan, Trustee of a Private, Foreign Equitable Trust,**
Plaintiff,

v.

**San Pasqual Tribal Officer Christopher Palomares (ID #: 6845), San Pasqual Tribal Officer Tim Dinger, San Diego County Sheriff John Cashman, Automotive Specialists,**
Defendants.

**Case No.:**

**Related Case**: Jacob Matthew, a Private Minnesotan, Trustee of a Private, Foreign Equitable Trust, Plaintiff, v. United States, U.S. Department of State, San Diego Passport Agency, Secretary of State Marco Rubio, Defendants

Case No.:

**Plaintiff's Contact Information**
Jacob Matthew
c/o 29489 Miller Road
Valley Center, CA 92082
Phone: (763) 258-3004
Email: jakej2284@gmail.com
Sui Juris Plaintiff

## NOTICE OF RELATED CASES

This Honorable Court, vested with inherent chancery powers, is respectfully called upon to exercise its equitable discretion to assign the above-captioned case, concerning the wrongful deprivation of Plaintiff's unalienable rights to liberty, travel, property, and free expression on June 20, 2025, and the related case, *Jacob Matthew v. U.S, U.S. Department of State, San Diego Passport Agency, Secretary of State Marco Rubio*, concerning the wrongful denial of Plaintiff's passport, to the same judge, per "equity demands justice." Plaintiff, a private Minnesotan acting in private capacity, born into an equitable estate named "Jacob Matthew" as recognized and affirmed by California Superior Court Case #24CU019517N, and an honorably discharged veteran of the U.S. Army's special operation's unit, 75th Ranger Regiment, 2nd Battalion, submits this Notice of Related Cases as supported by Local Rule 40.1(d), per *Gibson's Suits in Chancery* (Chapter 6, Pleadings; Chapter 33, Section 330) and Pomeroy's *A Treatise on Equity*

*Jurisprudence* (Volume 3, Section 824; Volume 2, Section 202), to ensure fairness and judicial efficiency, per "equity aids the vigilant."

The June 20th incident case addresses the wrongful detainment, unauthorized search, and seizure of Plaintiff's 2014 Lincoln MKS by Defendants, violating Plaintiff's unalienable right to travel and equitable property, as evidenced by affidavits, text messages, and notices (Exhibits 3–12), causing profound distress and exacerbating Plaintiff's indigence, per "equity abhors a forfeiture." The passport denial case addresses the wrongful refusal by Defendants to issue Plaintiff's passport, demanding a Social Security Number despite Plaintiff's equitable status (Exhibit 1, Case #24CU019517N), further depriving Plaintiff's right to travel and ability to open a private bank account, compounding indigence, per "equity will not suffer a wrong without a remedy." Both cases arise from equitable wrongs to Plaintiff's unalienable rights, primarily travel, rooted in the same equitable estate (Exhibit 1, both cases), and share common issues of fact and equity, including Plaintiff's indigent condition worsened by the passport denial's impact on resolving the June 20th incident, per "equity regards substance over form."

Assigning both cases to the same judge will expedite Plaintiff's requested in-chambers conference (Request for In-Chambers Conference, both cases) by allowing a unified understanding of the interconnected harms, per *Gibson's Suits in Chancery* (Chapter 33, Section 330), which advocates for cohesive case management for pro se litigants to ensure equitable access, per "equity aids the vigilant." A single judge will ease the court's workload by avoiding duplicative review of shared equitable principles, such as Plaintiff's travel rights and indigence, per Pomeroy's *A Treatise on Equity Jurisprudence* (Volume 3, Section 824), which emphasizes clear presentation to facilitate justice, per "equity demands truth." Plaintiff respectfully invokes this Court's chancery powers to exercise equitable discretion in assigning the same judge, ensuring consistent relief for these related wrongs, per "equity demands justice."

Plaintiff submits this notice in good faith, as an indigent veteran facing transportation and basic necessity constraints, seeking only fairness and restoration of his unalienable rights, per "equity protects the innocent." Plaintiff requests that the Clerk of the Court note the related nature of these cases and assign them to the same judge to promote equity and efficiency, as supported by Local Rule 40.1(d) and *Gibson's Suits in Chancery* (Chapter 6).

**DATED**: June 28, 2025
**Respectfully submitted**,

Jacob Matthew, in Private Capacity
c/o 29489 Miller Road
Valley Center, CA 92082
Phone: (763) 258-3004
Email: jakej2284@gmail.com
Sui Juris Plaintiff

**Autograph**: Jacob Matthew /Beneficiary Executed: June 29, 2025
Jacob Matthew, Without Prejudice, All Rights Reserved, Without Recourse
Private Minnesotan, Sui Juris, In Private Capacity