FILED
Jul 07 2025
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY s/ AI DEPUTY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA** '25CV1665 DMS MSB

**Jacob Matthew, Minnesotan, in Private Capacity, Sui Juris,**
Plaintiff,

v.

**SAN PASQUAL TRIBAL OFFICER CHRISTOPHER PALOMARES (ID #: 6845),**
**SAN PASQUAL TRIBAL OFFICER TIM DINGER,**
**SAN DIEGO COUNTY SHERIFF JOHN CASHMAN,**
**AUTOMOTIVE SPECIALISTS,**
Defendants.

**Case No.:**

**Plaintiff's Contact Information**
Jacob Matthew
c/o 29489 Miller Road
Valley Center, CA 92082
Phone: (763) 258-3004
Email: jakej2284@gmail.com
Sui Juris Plaintiff

**MOTION FOR TEMPORARY RESTRAINING ORDER**

COMES NOW, Jacob Matthew, a living man acting in private capacity, born on the land of Minnesota on October 2, 1991, into a private equitable estate titled "Jacob Matthew" as recognized by the Superior Court of California, County of San Diego, Case No. 24CU019517N, granted on December 13, 2024, and an honorably discharged veteran of the U.S. Army's 75th Ranger Regiment, 2nd Battalion, moving this Court ex parte for a Temporary Restraining Order, pursuant to its inherent chancery powers, to prevent immediate irreparable harm to his unalienable rights to travel, liberty, and equitable property, per "equity acts with speed."

## I. INTRODUCTION

1. On June 20, 2025, Defendants San Pasqual Tribal Officer Christopher Palomares (ID#: 6845), San Pasqual Tribal Officer Tim Dinger, San Diego County Sheriff John Cashman, and Automotive Specialists wrongfully deprived Plaintiff of his 2014 Lincoln MKS, a private carrier titled through a trust transfer grant deed embodying his unalienable right to travel, through a wrongful stop, 40-minute detention in handcuffs, interrogation without

rights advisements, wrongful search exposing confidential patent application paperwork, issuance of a citation to "Jacob Jensen" despite Plaintiff's court-affirmed name, and vehicle retention with unconscionable fees, as detailed in the accompanying Verified Complaint for Equitable Relief (paragraphs 8–26), per "equity abhors a forfeiture."

2. Plaintiff invokes this Court's chancery powers to restore his equitable estate, seeking immediate injunctive relief to return the MKS and enjoin the citation's enforcement, as detailed in the Verified Complaint (Section V), per "equity demands justice."
3. Without immediate relief, Plaintiff faces irreparable harm, as the MKS is his sole means of travel, denying access to food, health care, and necessities, and the citation threatens his liberty, per Complaint paragraph, 24, per "equity protects against unjust disclosure."
4. Plaintiff submits this motion ex parte, as the urgency of harm justifies immediate consideration. Plaintiff has attempted to notify Defendants via Notices of Intent to Sue, Notice and Demand for Private Property, and CPRA requests, but further notice is impractical due to the risk of continued deprivation, per "equity acts with speed."

## II. EQUITABLE GROUNDS

5. Plaintiff faces immediate irreparable harm without his MKS, essential for transportation to court, food, healthcare, and livelihood, and from the citation's enforcement, which lacks authority over his private capacity, per Complaint paragraphs 13, 17, 24, as supported by *Shapiro v. Thompson*, 394 U.S. 618, 629 (1969), per "equity will not suffer a wrong without a remedy."
6. Plaintiff's likelihood of success is strong, as Defendants' actions lack equitable authority, per Complaint paragraphs 19, 25, as supported by *Youngstown Sheet & Tube Co. v. Sawyer*, 343 U.S. 579, 585 (1952), per "equity demands justice."
7. The balance of equities favors Plaintiff, an upstanding veteran defending his unalienable rights, over Defendants' wrongful conduct, per Complaint paragraph 23, per "equity protects the innocent."
8. The public interest supports safeguarding unalienable rights to travel and liberty, per Complaint paragraph 25, per "equity acts for the public good."

## III. DECLARATION OF IMMEDIATE HARM

1. On June 20, 2025, Defendants wrongfully detained me for 40 minutes in handcuffs, searched my 2014 Lincoln MKS, exposing confidential trust-related patent paperwork, issued a citation to "Jacob Jensen" despite my court-affirmed name, and retained my vehicle, per Complaint paragraphs 8–26.
2. The MKS, titled through a trust transfer grant deed, is my sole means of travel, essential for food, healthcare, court access, and livelihood, and its retention causes irreparable harm, per Complaint paragraph 24, per "equity protects the innocent."

3. The citation's enforcement threatens my liberty, as it misidentifies me and lacks authority over my private capacity, per Complaint paragraph 17, per "equity abhors a forfeiture."
4. Immediate relief is necessary, as prior Notices of Intent to Sue, Notice and Demand for Private Property, and CPRA requests received no response, and further delay risks ongoing harm, per "equity acts with speed."

## IV. PROCEDURAL BASIS

9. This Court may grant a Temporary Restraining Order to prevent irreparable harm, as supported by its inherent chancery powers and the procedural framework of Federal Rule of Civil Procedure 65(b), per "equity acts with speed."
10. Plaintiff certifies that notification efforts are detailed in Notices of Intent to Sue, and other documents sent to Defendants, and further notice would exacerbate harm by delaying relief, per "equity protects the innocent."

## V. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests a Temporary Restraining Order:

1. Ordering Defendant Automotive Specialists to immediately return Plaintiff's 2014 Lincoln MKS to 29489 Miller Road, Valley Center, California, without fees or conditions.
2. Enjoining Defendants San Pasqual Tribal Officer Christopher Palomares, San Pasqual Tribal Officer Tim Dinger, San Diego County Sheriff John Cashman, and Automotive Specialists from enforcing the San Pasqual Tribal Court citation issued to "Jacob Jensen" on June 20, 2025.
3. This order shall remain in effect for 14 days from issuance or until a hearing on Plaintiff's Motion for Preliminary Injunction, whichever occurs first, per "equity acts with speed."
4. Any other equitable relief the Court deems just, per "equity abhors a forfeiture."

## VI. VERIFICATION

I, Jacob Matthew, certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, as a living man acting in private capacity, in accordance with my God-given, unalienable rights and equitable estate, per "equity demands truth."

**DATED**: June 24, 2025
**Respectfully submitted**,

Jacob Matthew, in Private Capacity
c/o 29489 Miller Road
Valley Center, CA 92082
Phone: (763) 258-3004
Email: jakej2284@gmail.com
Sui Juris Plaintiff

**Autograph**: Jacob Matthew /Beneficiary Executed: June 29, 2025
Jacob Matthew, Without Prejudice, All Rights Reserved, Without Recourse
Private Minnesotan, Sui Juris, In Private Capacity