UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB MATTHEW,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER PALOMARES, et al.;<br><br>Defendants. | Case No.: 25-cv-1665-DMS-MSB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM** |

On June 30, 2025, Plaintiff Jacob Matthew, proceeding pro se, filed a Complaint for the seizure of his automobile on tribal land. (Plaintiff's Complaint ("Compl.")). Plaintiff concurrently filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a).[1]

---

[1] Alongside his Complaint, Motion to Proceed IFP, Motion for Preliminary Injunction, Application for Temporary Restraining Order, and other filings, Plaintiff filed a Motion to Seal this entire action. "[A] party seeking to file under seal materials related to dispositive motions must provide 'compelling reasons' to do so." *Rieckborn v. Velti PLC*, 2014 WL 4964313, at *1 (N.D. Cal. Oct. 3, 2014) (quoting *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). Under this standard, "a party seeking to seal materials must 'articulate compelling reasons supported by specific factual findings,' providing the court with 'articulable facts' identifying the particular interests favoring secrecy and showing how those interests outweigh the 'strong presumption' favoring disclosure." *Id.* (quoting *Kamakana*, 447 F.3d at 1178–81). Plaintiff argues that this action should be sealed because his Complaint references his confidential patent application and private family trust. However, Plaintiff has failed to articulate why he

1

## I. MOTION TO PROCEED IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee. *See* 28 U.S.C. § 1914(a); Civil Local Rule 4.5. The action may proceed despite a failure to prepay the entire fee only if leave to proceed IFP is granted pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). The plaintiff must submit an affidavit demonstrating his inability to pay the filing fee, and the affidavit must include a complete statement of the plaintiff's assets. 28 U.S.C. § 1915(a)(1). "To satisfy the requirements of 28 U.S.C. § 1915, applicants must demonstrate that because of poverty, they cannot meet court costs and still provide themselves, and any dependents, with the necessities of life." *Soldani v. Comm'r of Soc. Sec.*, 2019 WL 2160380, at *1 (E.D. Cal. Jan. 31, 2019).

Plaintiff's affidavit of assets is sufficient to show he is unable to pay the filing fee. Accordingly, this Court **GRANTS** Plaintiff's Motion to Proceed IFP and declines to impose an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). *See Beasley v. San Diego Cnty. Sheriff's Dep't*, 2023 WL 4918306, at *1 (S.D. Cal. Aug. 1, 2023) (declining to impose partial filing fee due to defendant's inability to pay).

## II. SUA SPONTE SCREENING

### A. Plaintiff's Allegations

Plaintiff sues Officers Christopher Palomares and Tim Dinger, members of the San Pasqual Band of Mission Indians Police Department; Sheriff John Cashman, a member of the San Diego County Sheriff's Department; and Automotive Specialists, a business entity, for the confiscation of his vehicle on the San Pasqual Reservation. (*See generally* Compl.). Specifically, Plaintiff alleges that on June 20, 2025, he was driving his private automobile

---

would be harmed if the existence of his patent application and family trust are made public (or the reasons underlying their sensitivity). As such, Plaintiff has not sufficiently identified compelling reasons to seal his case. The Motion to Seal is **DENIED**.

2

25-cv-1665-DMS-MSB

"near the Valley View Casino at Lake Wohlford and Canal Road, San Pasqual Reservation, Valley Center California". (*Id.* at 2). During this drive, Officers Palomares and Dinger allegedly stopped Plaintiff for driving an unregistered vehicle, detained him, questioned him, and searched his vehicle. (*Id.* at 3). According to Plaintiff, while the Officers conducted this search, Sheriff Cashman arrived and confirmed Plaintiff's identity, but did not intervene otherwise except to "dismiss[] his right to travel" through sarcastic remarks. (*Id.*) Following the search, the Officers allegedly issued Plaintiff a Notice to Appear ("NTA") in San Pasqual Tribal Court for two violations of the tribal code and directed Automotive Specialists to tow Plaintiff's vehicle. (*Id.* at 3–4).

### B. Legal Standard

A complaint filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to mandatory sua sponte review and dismissal by the Court. "[T]he court shall dismiss" a case filed IFP "at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in it, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009). When a judge assesses plausibility, he must draw on "judicial experience and common sense." *Id.* at 664.

### C. Analysis

Plaintiff's Complaint is insufficient to survive 28 U.S.C. § 1915(e)(2)'s screening requirement. Construing the pleadings liberally, as the Court must, Plaintiff appears to be alleging claims under 42 U.S.C. § 1983 for violations of the Constitution occurring on tribal land. (Compl. 5) (alleging counts for deprivation of right to freedom of expression, right to property, and right to liberty). However, "Indian tribes are 'separate sovereigns pre-existing the Constitution,' and are thus unconstrained by constitutional limitations on federal or state authority." *R.J. Williams Co. v. Fort Belknap Hous. Auth.*, 719 F.2d 979, 981 (9th Cir. 1983) (quoting *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 56 (1978)). As a result, "no action under 42 U.S.C. § 1983 can be maintained in federal court for persons alleging deprivation of constitutional rights under color of tribal law." *Id.* at 982; *see also Pistor v. Garcia*, 791 F.3d 1104, 1115 (9th Cir. 2015) ("This case law merely confirms the well-established rule that a § 1983 claim cannot be maintained against defendants who act under color of tribal rather than state law.") (collecting cases). "The general rule", in fact, "is that tribal police officers do not act under color of state law within the meaning of § 1983." *Lafley v. Adams*, 2020 WL 4550467, at *3 (D. Mont. July 13, 2020), *report and recommendation adopted*, 2020 WL 4530433 (D. Mont. Aug. 6, 2020) (internal citation omitted).

Nowhere in Plaintiff's Complaint does he allege that Defendants acted under color of state law. (*See generally* Compl.). To the contrary, the Officers issued a NTA to Plaintiff for two violations of the tribal code, and Automotive Specialists towed Plaintiff's vehicle at the direction of the Officers for these violations. (*Id.* at 3–4, Exhibit 6); *cf. Bressi v. Ford*, 575 F.3d 891, 894, 897 (9th Cir. 2009) (finding tribal officers acted under color of state law when they stopped and cited plaintiff for violating two Arizona laws). Accordingly, Plaintiff has failed to state an actionable claim under 42 U.S.C. § 1983.

### III. CONCLUSION AND ORDER

For the reasons explained above, the Court **GRANTS** Plaintiff's Motion to Proceed IFP; and **DISMISSES** the Complaint without prejudice pursuant to the mandatory screening required by 28 U.S.C. § 1915(e)(2) for failure to state a claim. Because Plaintiff has failed to state a claim, his Motion for Preliminary Injunction and Application for Temporary Restraining Order are also **DENIED**. *See Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (to receive preliminary injunction, movant must show likelihood of success on merits); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F.Supp. 1320, 1323 (N.D. Cal. 1995) (standard for temporary restraining order is same as standard for preliminary injunction).

Within forty-five (45) days of the date of this Order, Plaintiff may file an amended complaint. If Plaintiff files an amended complaint, he must present facts plausibly alleging that Defendants acted under color of state law. *Lopez v. Smith*, 203 F.3d 1122, 1135 (9th Cir. 2000) ("[T]he pro se litigant must be given notice of the deficiencies in his complaint and an opportunity to amend the complaint to overcome the deficiency unless it clearly appears from the complaint that the deficiency cannot be overcome by amendment.") (Rymer, J. concurring) (internal quotation marks and citation omitted).

**IT IS SO ORDERED.**

Dated: July 7, 2025

Hon. Dana M. Sabraw
United States District Judge