1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

9
10
11
12
13
14
15
16
17
18
19

| | |
|---|---|
| JACOB MATTHEW,<br><br>                                     Plaintiff,<br><br>     v.<br><br>CHRISTOPHER PALOMARES, et al.,<br><br>                                    Defendants. | Case No.:  25-cv-01665-DMS-MSB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS, DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION, DENYING PLAINTIFF'S MOTION TO FILE DOCUMENTS UNDER SEAL, DENYING PLAINTIFF'S MOTION TO CLARIFY EQUITABLE STATUS, AND GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL PLEADING** |

20

## I.    INTRODUCTION

21
22
23
24
25

On June 30, 2025, Plaintiff Jacob Matthew, proceeding *pro se*, filed a Complaint for the seizure of his automobile on tribal land.  (ECF No. 1).[1]  Plaintiff concurrently filed a Motion to Proceed *In Forma Pauperis* ("*IFP*") pursuant to 28 U.S.C. § 1915(a).  (ECF No. 2).  The Court found that Plaintiff was unable to pay the filing fee but dismissed the case

26
27
28

---

[1] The Complaint was docketed on July 7, 2025.  However, the Court received it on June 30, 2025, in paper form.

1

with leave to amend for failure to state a claim under 28 U.S.C. § 1915(e)'s screening requirement. (ECF No. 8 at 2, 4). Plaintiff then filed his First Amended Complaint ("FAC") on July 22, 2025, which is subject to a second *sua sponte* review here. (FAC, ECF No. 11). In addition to the FAC, Plaintiff has filed a Motion for Preliminary Injunction, Motion to File Documents Under Seal, and Motion to Clarify Equitable Status. (Prelim. Inj. Mot., ECF No. 10; Sealing Mot., ECF No. 12; Equitable Status Mot., ECF No. 9). Plaintiff later filed an Ex Parte Motion for Leave to File Supplemental Pleading. (Suppl. Pleading Mot., ECF No. 14). For the following reasons, the Court **GRANTS** Plaintiff's Motion to Proceed *IFP*, **DENIES** Plaintiff's Motion for Preliminary Injunction, **DENIES** Plaintiff's Motion to File Documents Under Seal, and **DENIES** Plaintiff's Motion to Clarify Equitable Status. The Court also **GRANTS** Plaintiff's Motion for Leave to File Supplemental Pleading to the extent that Plaintiff files an amended complaint within twenty-one (21) days of this Order incorporating the allegations contained in the Motion.

## II.    SECOND *SUA SPONTE* SCREENING

A complaint filed by any person proceeding *IFP* pursuant to 28 U.S.C. § 1915(a) is subject to mandatory *sua sponte* review and dismissal by the district court. "[T]he court shall dismiss" a case filed *IFP* "at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint

fails to state a claim for relief under Rule 8 if the factual assertions in it, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When a judge assesses plausibility, they must draw on "judicial experience and common sense." *Id.* at 679.

Plaintiff's FAC corrects the deficiencies identified in the Court's prior Order. (ECF No. 8 at 4). Plaintiff alleges that Defendants acted under color of state law pursuant to a cross-deputization agreement between San Diego County and the San Pasqual Band of Mission Indians. (FAC 3). He also appears to allege that Defendants cited him for violating the California Vehicle Code because it mirrors the tribal code. (*Id.* at 4) ("[T]he citation for tribal code 3.07(D)(e) . . . , requiring a valid state driver's license and vehicle registration, mirrors California Vehicle Code §§ 4000 and 12500, evidencing state law enforcement."). On a liberal reading of the FAC alone, the Court finds that Plaintiff's allegations are "sufficient to warrant . . . an answer." *Wilhelm v. Rotman*, 680 F.3d 1113, 1116 (9th Cir. 2012); *see also id.* at 1121 ("We construe pro se complaints liberally and may only dismiss a pro se complaint for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." (quoting *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011))). Because Plaintiff's FAC pleads factual content that, if accepted as true, broadly states a claim for relief, Plaintiff's claims—which can be parsed through at a later juncture—survive.

Within twenty-one (21) days of the date of this Order, Plaintiff may file a Second Amended Complaint ("SAC") that incorporates the allegations made in Plaintiff's supplemental pleading.[2] *See Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) ("We have noted frequently that the 'rule favoring liberality in amendments to pleadings is particularly important for the pro se litigant. Presumably unskilled in the law, the pro se

---

[2] Therefore, Plaintiff's Motion for Leave to File Supplemental Pleading is **GRANTED** to the extent that Plaintiff files a SAC incorporating these allegations.

litigant is far more prone to making errors in pleading than the person who benefits from the representation of counsel.'" (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987))).

### III.   MOTION FOR PRELIMINARY INJUNCTION

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). "A party seeking a preliminary injunction must meet one of two variants of the same standard." *All. for the Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017). Under the *Winter* standard, a party is entitled to a preliminary injunction if he demonstrates (1) "that he is likely to succeed on the merits," (2) "that he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "that the balance of equities tips in his favor," and (4) "that an injunction is in the public interest." *Winter*, 555 U.S. at 20. "A plaintiff must make a showing on *all four prongs* to obtain a preliminary injunction." *A Woman's Friend Pregnancy Res. Clinic v. Becerra*, 901 F.3d 1166, 1167 (9th Cir. 2018) (citation modified).

Under the Ninth Circuit's "serious questions test—a sliding scale variant of the *Winter* test— . . . a party is entitled to a preliminary injunction if [he] demonstrates (1) serious questions going to the merits, (2) a likelihood of irreparable injury, (3) a balance of hardships that tips sharply towards the plaintiff, and (4) the injunction is in the public interest." *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1190 (9th Cir. 2024) (citation modified). "[I]f a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits— then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *All. for the Wild Rockies*, 865 F.3d at 1217 (quoting *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013)). A plaintiff need only demonstrate success as to at least one of their claims to receive preliminary injunctive relief. *See Ozkay v. Equity Wave Lending, Inc.*, 2020 WL 12764953, at *2 (N.D. Cal. Nov. 25, 2020).

25-cv-01665-DMS-MSB

Plaintiff requests a preliminary injunction to remedy his alleged injuries from Defendants' conduct on June 20, 2025. (Prelim. Inj. Mot.). Specifically, he moves this Court to compel the return of his vehicle, enjoin enforcement of the citation issued against him, and prohibit Defendants from disclosing information related to his confidential patent application. (*Id.* at 1). Although Plaintiff's Motion mentions the *Winter* factors, Plaintiff's analysis, specifically with respect to his likely success on the merits, is sparse. *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) ("The first factor under *Winter* is the most important—likely success on the merits."). At this stage in the case, there is insufficient evidence in the record for Plaintiff to meet his burden on the first factor. Accordingly, the Court **DENIES** Plaintiff's Motion for Preliminary Injunction without prejudice. *See id.* ("Because it is a threshold inquiry, when a plaintiff has failed to show the likelihood of success on the merits, we need not consider the remaining three *Winter* elements." (citation modified)).

## IV.    MOTION TO SEAL

"Courts have long recognized 'a general right to inspect and copy public records and documents, including judicial records and documents.'" *Rieckborn v. Velti PLC*, 2014 WL 4964313, at *1 (N.D. Cal. Oct. 3, 2014) (quoting *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 597 (1978)). However, "[t]his right is not absolute. To balance the competing interests of the public's right of access against litigants' need for confidentiality, a party seeking to file under seal materials related to dispositive motions must provide 'compelling reasons' to do so." *Id.* (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006)). Under this standard, "a party seeking to seal materials must 'articulate compelling reasons supported by specific factual findings,' providing the court with 'articulable facts' identifying the particular interests favoring secrecy and showing how those interests outweigh the 'strong presumption' favoring disclosure." *Id.* (quoting *Kamakana*, 447 F.3d at 1178–81).

Plaintiff moves this Court to: (1) seal his pending Motion to Seal; (2) seal Exhibits 2 and 15 of the FAC; and (3) redact portions of the FAC discussing Plaintiff's patent.

(Sealing Mot.).  The "compelling reasons" standard applies because a complaint "is more than tangentially related to the underlying cause of action."  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016); *see also Toppan Interamerica, Inc. v. Whalen LLC*, 2024 WL 3261202, at *1 (S.D. Cal. July 1, 2024) ("Here, in the Court's judgment, a motion seeking leave to amend a complaint is more than tangentially related to the merits of the case because the complaint is the cornerstone of any case.  Therefore, the Court shall apply the 'compelling reasons' standard.").

Plaintiff requests that his pending Motion to Seal be sealed, but provides no reasoning in support; therefore, the request is denied.  (*See* Sealing Mot. 4).  Plaintiff requests that Exhibits 2 and 15 of the FAC be sealed so as not to reveal "private trust information, accounts, and beneficiary names."  (*Id.* at 2).  Although Plaintiff argues that the Exhibits confirm the trust's existence, foreign status, irrevocable nature, and trustee, he does not "explain how the [] documents could 'become a vehicle for improper purposes'" and therefore falls short of the compelling reasons standard.  (*Id.* at 3); *Mortg. Fund IVC Tr. 2016-RN5 v. Brown*, No. 2:17-cv-02309-KJD-BNW, 2020 WL 4606657, at *1 (D. Nev. Aug. 11, 2020) (quoting *Kamakana*, 447 F.3d at 1179).  Finally, Plaintiff requests that portions of the FAC mentioning a patent be redacted to protect against harm by competitors, creditors, or third parties.  (Sealing Mot. 4).  However, the FAC merely mentions the existence of the patent without any technical description and "an unsupported assertion of unfair advantage to competitors without explaining how a competitor would use the information to obtain an unfair advantage is insufficient." (FAC ¶¶ 15, 18, 37; FAC 9); *Avalyn Pharma, Inc. v. Vincent*, No. 3:20-cv-02267-RSH-KSC, 2023 WL 11891787, at *2 (S.D. Cal. Jan. 11, 2023) (citation modified) (quoting *Ochoa v. McDonald's Corp.*, No. 14-cv-02098-JD, 2015 WL 3545921, at *1 (N.D. Cal. June 5, 2015).  Accordingly, the Court **DENIES** Plaintiff's Motion to File Under Seal.

## V.    CONCLUSION

For the reasons explained above, the Court **GRANTS** Plaintiff's Motion to Proceed

*IFP* and orders as follows:

1.    The United States Marshal shall serve a copy of the FAC, summons, and the Court's Orders with respect to Plaintiff's *IFP* Motion upon Defendants. All costs of service shall be advanced by the United States.

2.    Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on Defendants or counsel for Defendants and the date of service. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

The Court also **DENIES** Plaintiff's Motion for Preliminary Injunction, **DENIES** Plaintiff's Motion to File Documents Under Seal, and **DENIES** Plaintiff's Motion to Clarify Equitable Status.[3]   The Court **GRANTS** Plaintiff's Motion for Leave to File Supplemental Pleading to the extent that Plaintiff files an amended complaint within twenty-one (21) days of this Order incorporating the allegations contained in the Motion.

**IT IS SO ORDERED.**

Dated:  December 1, 2025

_____

Hon. Dana M. Sabraw
United States District Judge

---

[3] Plaintiff alleges that Defendants misidentified Plaintiff as "Jacob Jensen" when his real name is "Jacob Matthew." (Equitable Status Mot.). Plaintiff contends that this action "chilled Plaintiff's expressive assertion of his judicially affirmed identity as 'Jacob Matthew' . . . , undermining his trust duties and causing irreparable harm." (*Id.* at 2). It is unclear to the Court what kind of relief Plaintiff seeks through this Motion, especially since the present action is filed in his preferred name. Accordingly, Plaintiff's Motion to Clarify Equitable Status is **DENIED**.